**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P468-C**

**ANTONIO DEVON O'NEAL**                                                                 **PLAINTIFF**

**v.**

**G. RONE** *et al.*                                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Unrepresented by counsel, the plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss all of the plaintiff's claims.

### I. SUMMARY OF CLAIMS

The plaintiff, Antonio Devon O'Neal, an inmate at the Louisville-Metro Department of Corrections, has sued Officer G. Rone in his individual and official capacities and Director Tom Campbell in his official capacity. According to the plaintiff, on or about April 11, 2008, after being transferred to the County Jail, he was subjected to a "credit card swipe" search. As part of the search, the plaintiff alleges, Officer Rone ran his hand between the plaintiff's buttocks. The plaintiff contends that this was sexually degrading and unnecessary. He alleges that this conduct violated his Fourth, Fourteenth, and Eighth Amendment rights. The plaintiff is seeking monetary

and injunctive relief.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2); McGore, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,__, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at __ , 127 S. Ct. at 1964-65 (citations omitted; alteration in Twombly).  In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff.  Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

Although this court recognizes that pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S.

519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

The Constitution protects prisoners and pretrial detainees from the "unnecessary and wanton infliction of pain" that is "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Only "calculated harassment" or "maliciously motivated" conduct that is unrelated to institutional security is considered unconstitutional. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). "It cannot be questioned that the body cavities of prisoners are capable of secreting a surprising array of objects, and that inmates are willing to go to extreme lengths to obtain weapons and illicit drugs." *United States v. Oakley*, 731 F. Supp. 1363, 1370 (S.D. Ind. 1990). "The fact that prisoners are willing to place such dangerous objects into body cavities that most people rarely display to others demonstrates as much about the guile and bravado of certain prisoners as it does about the government's need to search, both visually and physically, such private areas of the body." *Id.* Indeed, the United States Supreme

Court has recognized that preventing contraband that can be smuggled through the alimentary canal or hidden in the rectal cavity is a legitimate penological concern. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Digital rectal searches are a legitimate means of maintaining order and do not violate the Eighth Amendment as long as they are conducted in a reasonable manner. *Del Raine v. Williford*, 32 F.3d 1024, 1039-42 (7th Cir. 1994) (upholding reasonableness of digital rectal search against Eighth Amendment challenge because there was no evidence that officials undertook search in "malicious and sadistic fashion for the very purpose of causing harm") (citations omitted).

Nothing in the plaintiff's complaint suggests that Officer Rone's search was conducted for an illegitimate reason or performed in an intentionally abusive or brutal fashion. The plaintiff complains only that the search made him feel "sexually degraded" and was unnecessary. There is no allegation that Officer Rone physically injured the plaintiff during the search, manipulated his fingers in any manner designed to cause the plaintiff injury, or conducted the search purely out of a desire to harass the plaintiff. Thus, the plaintiff has not shown a constitutional violation.

Even if the plaintiff had established a violation of the Constitution he could still not recover in this case. The plaintiff has not alleged that the search caused him any significant physical injury. Rather, the plaintiff's chief complaint is that the search humiliated him. The plaintiff's claim for emotional and mental damages is governed by 42 U.S.C. § 1997e(e), which states in part that "no federal action may be brought by a prisoner confined in a jail, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." The physical injury must be more than *de minimis*. *Benson v. Carlton*, No. 99-6433, 2000 U.S.

App. LEXIS 21202 at *3 (6th Cir. 2000) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).  Here, the plaintiff has not alleged a physical injury and, therefore, cannot recover for his alleged emotional injuries.

The plaintiff has failed to state a cognizable claim for relief.  Accordingly, the court will enter a separate order of dismissal.  The clerk of court is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.


Signed on  March 24, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**